**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SARAH A. REED                                                                                    PLAINTIFF

v.                                              4:25-cv-01345-BSM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Sarah Reed, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 17-36.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only forty-six years old. (Tr. 76.) She earned a GED in school and has past relevant work in technical support and as a business trainer. (Tr. 33-34.)

The ALJ[1] first found Ms. Reed has not engaged in substantial gainful activity since her alleged onset date of February 15, 2022. (Tr. 20.) She has "severe" impairments in the form of "[psoriasis]/psoriatic arthritis; polyarticular arthritis; fibromyalgia; chronic pain syndrome; inappropriate sinus tachycardia that is chronic and stable; noninfective gastroenteritis and colitis;

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

obesity; anxiety; major depressive disorder; post-traumatic stress disorder." (*Id*.) Next, the ALJ found Ms. Reed did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 22-26.)

The ALJ determined Ms. Reed had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 27.) Given this RFC finding, the ALJ determined Ms. Reed could no longer perform her past relevant work. (Tr. 33-34.) Accordingly, the ALJ utilized the services of a vocational expert to help determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 62-73.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of hotel housekeeper, marker, escort vehicle driver, and table worker. (Tr. 35.) Accordingly, the ALJ determined Ms. Reed was not disabled. (Tr. 36.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. No. 7 at 7-10.) She largely claims that because "half" of the medical evidence was not available to the state agency doctors, the ALJ's decision is flawed. (*Id.* at 9.)

The Commissioner responds:

Here, the ALJ fully considered the longitudinal medical evidence, including any evidence that post-dated the state agency medical and psychological consultants' findings, in assessing Plaintiff's RFC, and ultimately determined that the findings were overall persuasive except where additional or different limitations were warranted by the record (Tr. 27-33). See 20 C.F.R. § 404.1520c(c)(5) ("We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding. This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

understanding of our disability program's policies and evidentiary requirements. When we consider a medical source's familiarity with the other evidence in a claim, *we will also consider whether new evidence we receive after the medical source made his or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive*") (emphasis added). There was no need for the ALJ to obtain consultative examinations because he had sufficient evidence to make an informed decision regarding Plaintiff's disability claim.

(Doc. No. 8 at 8.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to [her] do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the record contains ample medical records to support the ALJ's decision. As the Commissioner argues, the ALJ considered all the medical evidence in the record. His opinion is thorough, and it is clear he fully considered Plaintiff's claim of disability. (Tr. 17-36.) The ALJ properly focused on Plaintiff's ability to function rather than focusing on her diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Accordingly, I find the ALJ could rightly determine Plaintiff could perform a reduced range of light work.

4

Plaintiff's Step-Two argument is also unavailing.  While I am sure Plaintiff disagrees, I find the ALJ fairly accounted for any limitation in finding her "noninfective gastroenteritis and colitis" were severe impairments.  (Tr. 20.)  And as the Commissioner points out, "Plaintiff's medical records showed inconsistent complaints regarding gastrointestinal issues, with Plaintiff denying diarrhea and/or abdominal pain on multiple occasions (see, e.g., Tr. 424, 487, 490, 715, 781, 799, 862, 864, 865)."  (Doc. No. 8 at 10.)

I have also carefully considered Plaintiff's argument, that the ALJ's RFC assessment was flawed, and I find no errors.  (Doc. No. 7 at 13-18.)  Specifically, the ALJ concluded:

> After consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), meaning that the claimant had the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday with normal breaks. However, the claimant would have additional functional limitations, in that she must avoid all exposure to extreme temperatures (both heat and cold). The claimant can frequently handle and finger objects with the bilateral hands. The claimant can understand, remember and carryout detailed, but not complex, instructions in a work environment that does not require a specific production rate, such as assembly line work, or hourly quotas. The claimant can make decisions and adapt to and manage changes in the work setting. The claimant can have occasional interaction from supervisors, coworkers, and the public.

(Tr. 27.)

The ALJ's RFC finding is largely supported by the state agency medical and psychological consultants. (Tr. 32-33). State agency medical consultants, Dan Gardner, M.D., and Robert Redd, M.D., concluded that Plaintiff could perform a full range of light work with no additional limitations. (Tr. 80-81, 90-91.)  State agency psychological consultants, Diane Kogut, Ph.D., and Elizabeth Bucolo, Psy.D., also reviewed the evidence of record and assessed that Plaintiff could perform "work where interpersonal contact was routine but superficial, e.g., grocery checker; complexity of tasks was learned by experience, several variables, judgment within limits; and

supervision was little for routine but detailed for nonroutine. (Tr. 79, 90.)  The ALJ found these opinions to be generally persuasive as they were "supported by and consistent with the record." (Tr. 32.)  I recognize that none of these doctors ever examined Plaintiff.  But their opinions can amount to substantial evidence upon which the ALJ could rely.  This is especially true  when – as the ALJ found here – these opinions are consistent with the overall evidence of record.

Lastly, I have fully considered Plaintiff's argument that the ALJ erred in his reliance on the vocational expert's testimony.  (Doc. No. 7 at 18-21.)  Plaintiff hangs her hat on the expert testifying about that would be "more than occasional interaction with coworkers and supervisors" during the short period of orientation or initial training – exceeding the ALJ's RFC.  (*Id.* at 20.) But these are all unskilled jobs with a Specific Vocational Preparation level of 2.  (Tr. 35.) "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time . . . [that] a person can usually learn to do [ ] in 30 days, and little specific vocational preparation and judgment are needed."  20 C.F.R. § 404.1568(a).  I find no error here.

I realize Ms. Reed suffers from some degree of pain and limitation.  I am sympathetic to her claims.  But the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff is reminded she had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

Ms. Reed's counsel has done an admirable job advocating for her rights.  But it is not the

task of a court to review the evidence and make an independent decision.  Neither is it to reverse

the decision of the ALJ because there is evidence in the record which contradicts her findings.  The

test is whether there is substantial evidence on the record as a whole which supports the decision

of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d

830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.  The Commissioner's decision is not based on

legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be

affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 6th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE